**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4435**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

TOBARUS O'NEAL ALSTON,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:10-cr-00149-NCT-1)

Submitted: January 26, 2012　　　　Decided: February 10, 2012

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Lisa Blue Boggs, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tobarus O'Neal Alston pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). The conditional plea preserved Alston's right to appeal the district court's denial of his pro se motion to suppress. Alston was sentenced to 180 months' imprisonment. Alston's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but alleging that the district court erred in denying Alston's motion to suppress. Alston has filed a pro se supplemental brief, also challenging the denial of his motion to suppress, as well as his sentence pursuant to the Armed Career Criminal Act ("ACCA"). The Government declined to file a response. Finding no reversible error, we affirm.

In reviewing the district court's ruling on a motion to suppress, we review the district court's factual findings for clear error, and its legal determinations de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). The facts are viewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007).

Alston argued below, as he does on appeal, that the police officer had no legal justification to initiate a traffic

2

stop of his vehicle. An automobile stop is a "seizure" falling under the Fourth Amendment's protection. Whren v. United States, 517 U.S. 806, 809-10 (1996). "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008).

The district court denied the motion to suppress by text order on two grounds: (1) Alston was represented by counsel who did not adopt the motion; and (2) the motion was without merit. As noted by the district court, Alston conceded that the officer notified him that he stopped the vehicle because Alston was driving without a valid license. Accordingly, we conclude the district court did not err in denying Alston's motion to suppress.

In accordance with Anders, we have reviewed the record in this case and considered the claims Alston raises in his pro se supplemental brief, and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Alston, in writing, of the right to petition the Supreme Court of the United States for further review. If Alston requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Alston.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED